[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 21, 2001, the plaintiff, John Montano, filed a two count complaint against the defendants, Carriage Hill Condominium Association, Inc. (Carriage Hill) and RPM of New Haven Inc. (RPM), for the injuries he allegedly sustained from a slip and fall accident on Carriage Hill's common grounds. Both counts sound in negligence against the defendants.
On March 5, 2002, Carriage Hill filed an apportionment complaint against the apportionment defendant, The Brickman Group, Ltd. (Brickman), alleging that Montano's injuries were caused by Brickman's negligence in allowing leaves and debris to accumulate in the common walkway.[1] On May 17, 2002, Montano filed an amended complaint adding a third count against Brickman alleging negligence.
On July 2, 2002, Brickman filed a motion to strike the apportionment complaint together with a supporting memorandum. Carriage Hill countered with a memorandum in opposition filed on July 12, 2002.
"A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) Suffield Development Associates Ltd. Partnership v. National Loan Investors, L.P., 260 Conn. 766, 771,___ A.2d ___ (2002). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to Montano." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "[Practice Book] § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325,709 A.2d 1089 (1998).
Brickman, an independent contractor, moves to strike the apportionment complaint on the ground that Carriage Hill had a nondelegable duty to maintain the common grounds. It argues that when a nondelegable duty CT Page 13698 exists an apportionment action is inappropriate. Carriage Hill asserts in opposition that because Brickman, an independent contractor, owes a duty to anyone who may be forseeably injured by its negligence, Brickman is susceptible to share in liability proportionately with Carriage Hill, the landowner, making apportionment of liability proper.
"A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197
(1992). When a landowner has a nondelegable duty, he "may not absolve [himself] of liability by contracting out the performance of that duty. Both the Appellate Court and courts of other jurisdictions have held that the nondelegable duty doctrine means that a party may contract out the performance of a nondelegable duty, but may not contract out his ultimate legal responsibility." (Emphasis in original.) Gazo v. Stamford,255 Conn. 245, 255, 765 A.2d 505 (2001).
Although it is settled that a landowner has a nondelegable duty to maintain its property, the trial courts are split on the issue of whether a landowner may apportion its own nondelegable duty to an independent contractor. Hoffmeister v. Westbury Condominium Assn., Superior Court, judicial district of Hartford, Docket No. CV 98 0582041 (December 6, 2001, Fineberg, J.T.R.). This court, however, has previously ruled that an apportionment claim that seeks to apportion liability for breach of a landowner's nondelegable duty to an independent contractor is legally insufficient. Falcon v. Deerfield Woods Condominiums Assn., Superior Court, judicial district of New Haven, Docket No. CV 98 0418521 (December 18, 2000, Zoarski, J.T.R.). Because Carriage Hill has a nondelegable duty to maintain the common areas of the property, it is improper for Carriage Hill to file an apportionment complaint against Brickman.
The apportionment complaint is legally insufficient because a nondelegable duty exits, therefore the motion to strike the apportionment complaint is granted.
 ___________________ Howard F. Zoarski Judge Trial Referee